UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:21-cr-149 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| VERNON GRAHAM, | : | |
| | : | |
| Defendant. | : | |

**ENTRY AND ORDER DENYING "EXPEDITIOUS" MOTION FOR SENTENCE REDUCTION UNDER AMENDMENT 814 AND 18 U.S.C. § 3582(c)(1)(A) (DOC. NO. 32)**

Presently before the Court on the "Expeditious" Motion for Sentence Reduction under Amendment 814 and 18 U.S.C. § 3582(c)(1)(A) (the "Motion") (Doc. No. 32), filed by Defendant Vernon Graham ("Graham"). Graham is currently incarcerated at Hazelton FCI in West Virginia. (*See* FEDERAL BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc (last visited June 2, 2025).) He asks the Court for a compassionate release from his term of imprisonment. More specifically, he asks that this Court grant him a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as amended by § 603 of the First Step Act (FSA) of 2018 (P.L. 115-391). (Doc. No. 32.) For the reasons discussed below, the Court **DENIES** Graham's Motion.

**I.    BACKGROUND**

On December 14, 2021, the Government filed a two-count Indictment (the "Indictment") charging Graham with a criminal offense related to the possession of crack cocaine and methamphetamine. (Doc. No. 9 at PageID 35.) Graham was also charged with intentionally using a cell phone to facilitate a drug offense. (*Id*. at PageID 36.) On July 5, 2022, pursuant to a plea

1

agreement, Graham pled guilty to Count One of the indictment. (Doc. Nos. 18, 19.) The Statement of Facts attached to the Plea Agreement, signed by Graham and his attorney, states:

> On or about November 4, 2021, while occupying a residence located at 502 South Main Street in the City of Piqua Ohio, a location that lies within Miami County, Ohio and the jurisdiction of the Southern District of Ohio, the defendant VERNON JOSEPH GRAHAM (hereinafter referred to as "the defendant") knowingly and willfully possessed approximately 62 grams of methamphetamine and 93 grams of crack cocaine (cocaine base) in a cardboard box stored underneath his bed. A digital scale was also stored near the cardboard box. The defendant possessed said drugs (and other paraphernalia) with the specific intent to illicitly distribute them other persons. Both methamphetamine and crack cocaine (cocaine base) are considered Schedule II controlled substances under Title 21, United States Code, Section 812.

(Doc. No. 19 at PageID 67.)

Prior to sentencing, the Probation Office prepared a Presentence Report ("PSR") for Graham. (Doc. No. 24.) The PSR reflects Graham's substantial criminal history. Limiting the scope solely to drug offenses, the PSR reflected 10 prior convictions for drug related offenses. (*Id*. at PageID 125-41.) The PSR further reflects that Graham has fourteen siblings. (*Id*. at PageID 144.)

At sentencing in this case, the Court imposed a 151-month term of incarceration, five years of supervised release with special conditions, and a $100 special assessment. (Doc. No. 27.) Graham is currently 51 years old and has an anticipated release date of October 14, 2032. (*See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc (last visited April 1, 2025).)

On March 10, 2025, Graham filed his first Motion for Sentence Reduction under Amendment 814 and 18 U.S.C. § 3582(c)(1)(A) (Doc. No. 29). This Court denied that motion on April 8, 2024 because Graham failed to demonstrate extraordinary and compelling circumstances and he failed to satisfy the Section 3553(a) factors. (Doc. No. 31). Graham filed the present Motion on May 1, 2025 (Doc. No. 32). The Government did not file a response. The Motion is

2

ripe for review and decision.

## II. ANALYSIS

### A. Legal Standards

Section 3582(c)(1)(A), colloquially known as the "compassionate release" statute, grants authority, in certain limited circumstances, to modify a term of imprisonment after it has been imposed. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[1]

Therefore, a court may reduce a defendant's previously imposed term of imprisonment if it finds that three requirements are met: (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the § 3553(a) factors, to the extent that they are applicable, support the reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). A court may ultimately deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Moreover, while a court may reduce the term of imprisonment if all three requirements are met, it "need not do so." *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *United States v.*

---

[1] Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's age and years in prison." *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020).

*Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) ("Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory").

Courts may not consider the Sentencing Commission's applicable policy statements without first determining whether the factors set forth in 18 U.S.C. § 3553(a) warrant a reduction. U.S.S.G. § 1B1.13(a). Further, a court's finding that the applicable Section 3553(a) factors militate against a sentence reduction may outweigh a finding of extraordinary and compelling circumstances. *Jones*, 980 F.3d at 1108; *see also United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021) ("[d]istrict courts may place great weight on one sentencing factor when that weight is warranted") (internal quotation marks omitted). The factors set forth in Section 3553(a) consider such things as the nature of the offense, the circumstances of the offense, the history of the defendant, the characteristics of the defendant, "and various penological goals, such as the need to promote respect for law and to protect the public," as well as to reflect the seriousness of the offense, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020); *see also* 18 U.S.C. § 3553(a).

### B. Application

Graham moves the Court to grant him a compassionate release based on extraordinary and compelling circumstances. (Doc. No. 32 at PageID 228.) Graham alleges that his mother has been diagnosed with stage 4 stomach cancer and he is the only available caregiver. (*Id.*)

#### 1. Section 3582 Considerations

As jurisdiction does not appear to be at issue, the Court must determine whether Graham's request can satisfy the Section 3582 requirements.

### i. Extraordinary and Compelling Circumstances

The Court first considers whether Graham has established extraordinary and compelling circumstances to warrant reducing his sentence. Graham submits that his mother has been diagnosed with stage 4 stomach cancer. (Doc. No. 32 at PageID 228.) Graham further alleges that his mother has no other available caregiver. (*Id*.) A court may make a finding of extraordinary and compelling circumstances upon "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C).

Graham's Motion stumbles at the first hurdle. Graham does provide documentation showing that his mother has poorly differentiated gastric carcinoma. (Doc. No. 32-2 at PageID 243-44.) However, nothing in the documentation demonstrates the severity of the condition or that Graham's mother is incapacitated as a result. Moreover, the letter attached by Graham's mother shows that she is currently being cared for in a nursing home. (*Id*. at PageID 245.) Based on the record before it, the Court cannot find extraordinary and compelling circumstances exist. *See United States v. Martin*, No. 4:18-cr-00260-1, 2022 U.S. Dist. LEXIS 132876, at *4, 2022 WL 2948834, at *2 (N.D. Ohio July 26, 2022); (denying defendant's compassionate release where he did not offer any evidence that his children's mother was incapacitated); *United States v. Marrell*, No. 22-cr-20419, 2024 U.S. Dist. LEXIS 115721, at *5, 2024 WL 3251272, at *2 (E.D. Mich. July 1, 2024) (denying defendant's compassionate release where she failed to provide evidence of her mother's dementia diagnosis and where she failed to show she was the only available caregiver).

### ii. Section 3553(a)

As previously explained by the Court, even if Graham had adequately established extraordinary and compelling circumstances, the applicable Section 3553(a) factors would militate against a sentence reduction. The Court has considered the Graham's arguments and the Section

5

3553(a) factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i). This includes that the Court considered Graham's history and characteristics. *See* 18 U.S.C. § 3553(a)(1). In particular, the Court appreciates the efforts Graham has taken to rehabilitate himself while incarcerated. (*See* Doc. No. 32 at PageID 228-30.)

The "nature and circumstances of the offense" do not favor early release. *See* 18 U.S.C. § 3553(a)(1); *see also Wright*, 991 F.3d at 719 ("district courts have wide latitude to deny compassionate release based on the seriousness of the underlying offense," such that "[s]o long as the district court considers the parties' arguments and has a reasoned basis for exercising its own legal decision making authority, it is not an abuse of discretion to deny compassionate release based on the seriousness of the offense") (internal quotation marks omitted). Graham is currently incarcerated, in part, for the possession of cocaine. (Doc. No. 9 at PageID 35.) Cocaine is a dangerous drug, listed as a Schedule II drug under the Controlled Substances Act. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(2)(C); 21 U.S.C. § 1308.12(b)(4).

Additionally, Graham's criminal history shows that the offense in this case was his tenth drug-related conviction. (Doc. No. 24 at PageID 125-41.) This greatly concerns the Court. *See* 18 U.S.C. §3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(6). Moreover, Graham still has over seven years remaining on his twelve-year term of imprisonment. *Ruffin*, 978 F.3d at 1008 (considering the amount of the sentence that the petitioner had served); *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate"). Releasing Graham with so much time remaining on his sentence "minimizes both

the impact of [his] crime and seriousness of [his] offense." *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020).

The Court finds that the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant do not favor early release. *See* 18 U.S.C. § 3553(a)(2)(A)-(C).

Therefore, the Court finds that a compassionate release is not warranted.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** the "Expeditious" Motion for Sentence Reduction under Amendment 814 and 18 U.S.C. § 3582(c)(1)(A) (Doc. No. 32).

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, June 3, 2025.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE